Patrick J. Mulkern (SBN 307272)
pmulkern@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys for Plaintiff
CROSSFIT, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SPARK FITNESS, LLC, f/k/a "Parkside CrossFit," a California limited liability company, and CONNOR GREEN, an individual,<br><br>Defendants. | CASE NO. '24CV1942 AGS DEB<br><br>**COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff CrossFit, LLC ("CrossFit"), by and through its undersigned counsel, hereby complains and alleges against Defendants Spark Fitness, LLC f/k/a Parkside CrossFit ("Spark Fitness") and Connor Green ("Green") (collectively, Spark Fitness and Green are referred to as "Defendants") as follows:

**Nature of the Action**

1. This is an action for ongoing, willful trademark infringement by Defendants, stemming from Defendants' continued and unauthorized use of the CROSSFIT® marks following the termination of their Affiliate Agreement and Trainer Agreement.

///

## The Parties

2. Plaintiff CrossFit, LLC is a Delaware limited liability company with its principal place of business is located in Boulder, Colorado.

3. On information and belief, Defendant Spark Fitness, LLC f/k/a Parkside CrossFit ("Spark Fitness") is a California limited liability company with its principal place of business located in North Hollywood, CA. Specifically, Spark Fitness's most-recently-registered business address with the California Secretary of State is 7300 Fulton Ave, Suite C, North Hollywood, CA 91605.

4. On information and belief, Defendant Connor Green ("Green") is an individual who resides in or around Los Angeles, CA. On information and belief, Green owns and operates Spark Fitness, and is Spark Fitness's most-recently-identified Registered Agent with the California Secretary of State.

## Jurisdiction and Venue

5. This action arises under the trademark laws of the United States, *see* 15 U.S.C. § 1051 *et seq.*, and the laws of the State of California.

6. This Court has subject matter jurisdiction over CrossFit's Lanham Act claim, as a federal question, pursuant to 28 U.S.C. §§ 1331, 1338; and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendant Spark Fitness because Green has repeatedly agreed to this Court's jurisdiction on behalf of Spark Fitness by virtue of the forum selection clause in the Affiliate Agreements discussed below.

8. This Court has personal jurisdiction over Defendant Green because Green has repeatedly agreed to this Court's jurisdiction by virtue of the forum selection clause in the Affiliate Agreements, as well as the forum selection clause in the Trainer Agreement, discussed below.

///
///

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because, at least, Defendants Spark Fitness and Green are subject to this court's personal jurisdiction with respect to this action.

### **Plaintiff CrossFit's Intellectual Property Rights**

10. CrossFit and its corporate predecessors have developed a revolutionary fitness training regimen that has become the principal strength and conditioning program for many police academies and tactical operations teams, military special operations units, champion martial artists, and millions of athletes worldwide.

11. The CROSSFIT® brand is of particular value in the competitive "small-box" fitness training industry, and so CrossFit is careful to cultivate, maintain, and protect the intellectual property rights that have enabled it to amass such considerable goodwill within its industry.

12. To that end, CrossFit diligently protects its intellectual property through trademark registrations. Indeed, CrossFit owns several federally-registered trademarks that contain the word "CROSSFIT"—including one registered more than 15-years ago—some examples of which are identified below:[1]

| U.S. Reg. No. | Mark     |
|---------------|----------|
| 3,007,458     | CROSSFIT |
| 4,049,689     | CROSSFIT |
| 4,053,443     | CROSSFIT |
| 4,895,992     | CROSSFIT |
| 5,045,737     | CROSSFIT |

///

///

---

[1] The various CROSSFIT marks specifically identified here in Paragraph 12 are collectively referred to as the "CROSSFIT® Marks." True and correct copies of these registrations are attached hereto as Exhibit A.

13. The CROSSFIT® Marks have been in continuous use in commerce, since at least the dates of first use identified in the respective registrations to the present.

14. The federal trademark registrations for the CROSSFIT® Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of CrossFit's exclusive ownership of the CROSSFIT® Marks.

15. In addition, CrossFit has accrued common law rights in the CROSSFIT mark for use in connection with goods and services not-yet-registered or not otherwise covered by its existing registrations.

16. Overall, these CROSSFIT® Marks are widely recognized around the world, and consumers readily and singularly associate the CROSSFIT® Marks and the CROSSFIT® brand with CrossFit's business and services.

17. Accordingly, CrossFit licenses the use of its intellectual property—including the CROSSFIT® Marks—only to affiliates that have received particularized training and certification from CrossFit.

18. Specifically, CrossFit provides a nationally-standardized certificate program to personal trainers who wish to become licensed CROSSFIT® affiliates. Individuals who successfully complete CrossFit's certificate program, and meet other requirements for affiliation, are eligible to enter into annually-renewable "affiliate license agreements" that permit limited use of the CROSSFIT® Marks (subject to various conditions).

19. Only individuals who have completed CrossFit's certificate process, and have entered into valid affiliate license agreements are permitted to use the CROSSFIT® Marks.

**Defendants' Relationship with CrossFit**

20. In or around April 2018, Green became an authorized CrossFit affiliate, ultimately electing to operate under the "Parkside CrossFit" name at 7300 Fulton Ave, Unit C, North Hollywood, CA 91605.

21. On information and belief, the corporate entity identified as Spark Fitness is located at the same 7300 Fulton Ave, Unit C, North Hollywood, CA 91605 address.

**A.  Affiliate Agreements**

22. CrossFit's affiliates are required to execute Affiliate Agreements, which most often have one-year terms. During the course of Green's relationship with CrossFit, he executed at least five Affiliate Agreements—one in or around April 2018, one in or around April 2019, one in or around April 2020, one in or around April 2021, and one in or around May 2022.

23. In Section 1.1(a) of each Affiliate Agreement Green executed, he was granted a "limited, revocable, non-exclusive, non-transferable, non-assignable, non-delegable, and non-sublicenseable license to use the CrossFit name, trademarks, trade names, service marks, characters, or logos" in connection with the provision of CrossFit training at ParkSide CrossFit in North Hollywood, CA.

24. In Section 6(e) of each Affiliate Agreement Green executed, Green agreed that "[i]n the event of any termination or expiration of this Agreement, Affiliate [*i.e.* Green and Parkside CrossFit] shall discontinue immediately all use of the Licensed Marks." The section also concluded, expressly noting that "Section[] 6(e)…shall survive any expiration or termination of this Agreement."

**B.  Trainer Agreements**

25. In addition to the Affiliate Agreements, CrossFit trainers are required to execute Certificate License Agreements.

26. Green first became a CrossFit Trainer in September 2018.

27. At various times since, Green has executed such Certificate License Agreements—including the "CrossFit® Level 2 Trainer Certificate License Agreement" on or around September 28, 2018.

28. In Section 1(c) of the Trainer Agreement Green executed in September 2018, he agreed to "not use the CrossFit® trademark or any of CrossFit,

1  LLC's other trademarks/service marks, taglines[], characters [], copyrighted
2  content, or logos [] in any manner other than as expressly provided for in this
3  Agreement."

4      29. Section 1(a) of that same Trainer Agreement only entitled Green to "a
5  limited, revocable, non-exclusive, non-transferable, non-assignable, and non-
6  delegable license to use the CrossFit® trademark *solely* to identify himself [] as a
7  'CrossFit® Level 2 Trainer' or 'CrossFit® Level 2 Trainer Certificate Holder'" on
8  a business card, biography, resume, CV, or other professional biography.

### Defendants' Infringement

10      30. In or around January 2024, the Affiliate Agreement between CrossFit
11  and Green/Parkside was officially terminated.  Despite the termination of the
12  Affiliate Agreement, Green continues to use the CROSSFIT® Marks in connection
13  with his Spark Fitness gym.

14      31. On or around May 2, 2024, a member of CrossFit's outside counsel
15  sent Green a letter regarding Spark Fitness's then-recent rebrand (from "Parkside
16  CrossFit" to "Spark Fitness"), and the need to remove CrossFit branding from
17  Spark Fitness's operations—identifying its website, social media pages, and other
18  uses as requiring removal or change.

19      32. CrossFit's outside counsel sent Green a follow-up email on May 22,
20  2024, again regarding his need to remove CrossFit branding from Spark Fitness's
21  operations.

22      33. Green replied on June 26, 2024, stating "[w]e have made all the
23  changes and/or they have been ordered on our end to be handled by our web team."

24      34. Despite these repeated attempts by CrossFit to get Green and Spark
25  Fitness to voluntarily cease-and-desist their infringing use of the CROSSFIT®
26  Marks, as of October 17, 2024, Defendants continue to utilize them in various
27  ways.
28  ///

6
COMPLAINT

35. For example, at least as recent as October 17, 2024, Defendants were improperly using the CROSSFIT® Marks in their use of the www.parksidecrossfit.com URL—which automatically re-directs to and resolves at www.sparkfitness.com.

36. Additionally, as of October 17, 2024, Defendants were improperly utilizing the CROSSFIT® Marks on the "Parkside CrossFit" Facebook account. A true and correct copy of the Facebook page, as it appeared on October 17, 2024, is attached hereto as Exhibit B, with an excerpt reproduced below:



## Count I – Trademark Infringement (15 U.S.C. § 1114)

**(Against Defendants Spark Fitness and Green)**

37. CrossFit repeats, re-alleges, and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

38. This claim is for trademark infringement under the laws of the United States, including Section 32 of the Lanham Act at 15 U.S.C. § 1114(1)(a).

39. Defendant Spark Fitness and Defendant Green have used, and continue to use, the CROSSFIT® Marks to advertise and sell their fitness training services in violation of CrossFit's rights in the registered trademarks.

40. Defendants' use of the CROSSFIT® Marks is likely to cause confusion, mistake, and to deceive consumers. This is especially true here because Defendants used to be a legitimately-licensed affiliate of CrossFit.

41. Defendants' actions constitute a blatant attempt to confuse the consuming public and to trade on CrossFit's goodwill—especially given Defendants have been repeatedly informed that they needed to stop using the CROSSFIT® Marks after the Affiliate Agreement had been terminated.

42. On information and belief, Defendants have acted knowingly and willfully, with full knowledge of the likelihood of confusion and with the intent to deceive consumers in order to trade on the efforts and goodwill/reputation of CrossFit.

43. By reason of the foregoing acts of infringement, CrossFit has been injured in an amount not yet ascertained, but to be proven at trial.

44. On information and belief, Defendants have also been unjustly enriched by virtue of their infringement—including their deception of consumers and misappropriation of CrossFit's goodwill.

45. As a result of Defendants' acts of infringement, CrossFit has suffered and will continue to suffer irreparable harm for which CrossFit has no adequate remedy at law—including damage to CrossFit's goodwill. Unless the Court

enjoins Defendants' acts of infringement, CrossFit will continue to suffer irreparable harm.

46. On information and belief, Defendants' actions have been knowing, intentional, wanton, and willful. The principles of equity warrant an award to CrossFit of treble damages and profits, attorney's fees, and the costs of this action pursuant to 15 U.S.C. § 1117.

## Count II – Breach of Contract (Affiliate Agreement)
### (Against Defendant Green)

47. CrossFit repeats, re-alleges, and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

48. On or around April 2018, Green entered into an Affiliate Agreement with CrossFit.

49. CrossFit has performed under the Affiliate Agreement.

50. Green has breached the Affiliate Agreement, however, by continuing to use, or allowing the continued use of, the CROSSFIT® Marks despite termination of the Affiliate Agreement.

51. By reason of Green's breach of the Affiliate Agreement, CrossFit has been injured in an amount not yet ascertained, to be proven at trial.

## Count III – Breach of Contract (Trainer Agreement)
### (Against Defendant Green)

52. CrossFit repeats, re-alleges, and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

53. On or around September 2018, Green entered into a CrossFit® Level 2 Trainer Certificate License Agreement ("Trainer Agreement").

54. CrossFit has performed under the Trainer Agreement.

55. Green has breached the Trainer Agreement, however, by continuing to use, or allowing the continued use of, the CROSSFIT® marks in connection with Green's Spark Fitness facility despite termination of the Affiliate Agreement.

56. By reason of Green's breach of the Trainer Agreement, CrossFit has been injured in an amount not yet ascertained, to be proven at trial.

57. Pursuant to Section 4(b) of the Trainer Agreement, CrossFit is "entitled to recovery of its attorneys' fees and other costs of suit if CrossFit, LLC obtains a judgment in its favor" against Green.

### Entitlement to Injunctive Relief

58. CrossFit repeats, re-alleges, and incorporates the allegations contained in the paragraphs above as if fully set forth herein.

59. By reason of Defendants' acts of infringement as alleged herein, CrossFit has and will continue to suffer immeasurable—and thus irreparable—damage to its business, reputation, and goodwill.

60. Upon information and belief, Defendants intend to continue to engage in the acts of infringement complained of herein unless restrained and enjoined.

61. CrossFit's remedy at law is inadequate.

62. CrossFit is entitled to a preliminary and permanent injunction prohibiting Defendants and their affiliates, agents, employees, or anyone acting with their authority or on their behalf, from directly or indirectly utilizing any mark sufficiently similar to the CROSSFIT® Marks that is likely to cause confusion or mistake, or to deceive.

### Prayer for Relief

WHEREFORE, Plaintiff CrossFit, LLC prays for judgment as follows:

a. Judgment in CrossFit's favor on all claims herein;

b. Preliminary and permanent injunctions preventing Defendants Spark Fitness and Green from continued infringement of the CROSSFIT® Marks;

c. An accounting of profits and damages resulting from Defendants' trademark infringement, and the trebling of such damages because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

///

   d. An award to CrossFit of (i) an amount equal to the actual damages suffered by CrossFit as a result of Defendants' infringing conduct; (ii) an amount equal to the profits earned by Defendants as a result of their infringement; (iii) an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; (iv) prejudgment interest; and (v) an amount equal to CrossFit's reasonable attorney's fees as an "exceptional" case pursuant to 15 U.S.C. § 1117;

   e. An award of actual damages for Defendant Green's breach of the Affiliate Agreement;

   f. An award of actual damages for Defendant Green's breach of the Trainer Agreement;

   g. An award of CrossFit's actual attorney's fees and costs of suit for Defendant Green's breach of the Trainer Agreement;

   h. An award of interests and costs; and

   i. Such other and further relief as the Court may deem proper.

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff CrossFit, LLC hereby formally demands a trial by jury on all issues so triable.

DATED: October 18, 2024   Respectfully submitted,

           GORDON REES SCULLY MANSUKHANI

           By: */s/ Patrick J. Mulkern*
              Patrick J. Mulkern
              Attorneys for Plaintiff
              CROSSFIT, LLC